# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,   Crim. No. 14-CR-314 (9) (RHK/JSM)

      Plaintiff,   **ORDER**

v.

SALVADOR ORTEGA,

      Defendant.

---

This matter is before the Court on Defendant's June 23, 2016, Motion to Vacate, Set Aside or Correct Sentence brought under 28 U.S.C. § 2255 (Doc. No. 408). Defendant's Motion will be denied for the reasons discussed below.

## I.   RELEVANT PROCEDURAL AND FACTUAL HISTORY

On September 24, 2014, Defendant was named in a fifteen-count Indictment along with ten others. Doc. No. 1. Defendant was charged with conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846 (Count 1), as well as possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) (Count 5). Id. The Indictment was superseded on November 18, 2014, but alleged the same crimes against Defendant. Doc. No. 109.

On December 12, 2014, pursuant to the terms of a written plea agreement, Defendant pleaded guilty to Count 1. Doc. Nos. 135, 137; PSR ¶ 6. The parties agreed that the base offense level for Defendant's offense conduct was 36 (based on a

methamphetamine mixture amount of between 15 and 45 kilograms). Doc. No. 137, ¶ 6.a. Ultimately the parties agreed that two potential guideline ranges applied, depending upon the Court's assessment of Defendant's base offense level, his leadership role, and his criminal history, specifically either 188-235 months or 360 months to life imprisonment. Id. at ¶ 6.f. The plea agreement did not entertain a firearm enhancement, career offender consideration, or any other violence-based guideline enhancements.

Before sentencing, the Department of Probation and Pretrial Services generated a PSR which detailed Defendant's offense conduct and made certain recommendations as applied to the guidelines and statutes. As to the guidelines assessment, the PSR concluded that a base offense level 36 applied. PSR ¶ 63. The PSR also recommended a two-level enhancement for a dangerous weapon, PSR ¶ 64; a two-level enhancement for maintaining a drug distribution premises, PSR ¶ 66; and a four-level enhancement for defendant's role as a leader-organizer, PSR ¶ 70. Factoring an adjusted offense level of 44, a three-level reduction for acceptance of responsibility, and Defendant's criminal history categorization of V, the PSR recommended a disposition of 360 months to life imprisonment. PSR ¶¶ 72-76, 97-99 & 141.

Both in response to the PSR and in its sentencing position pleadings, the Government explained that it would abide by the terms of the plea agreement, which did not include a dangerous weapon or premises enhancements. See PSR, p. A.1; see also Doc. No. 185. On July 9, 2015, Defendant appeared for sentencing. Doc. No. 208. The Court did not adopt the findings in the PSR, but instead made separate findings similar to the Government's recommendation and argument. See Doc. No. 212. More specifically,

the Court determined that Defendant's total offense level was 37. <u>Id.</u> With a criminal history category V, he faced an imprisonment range of 324 to 405 months. <u>Id.</u> This Court ultimately imposed a sentence of 210 months imprisonment followed by five years of supervised release. Doc. No. 208. Defendant did not appeal his sentence.

On June 23, 2016, Defendant filed a formal habeas pleading. <u>See</u> Doc. No. 408. Defendant argues that <u>Johnson v. United States</u>, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) and <u>Welch v. United States</u>, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016) provide a new rule of law that is applicable to his sentence for Count 1. More specifically, Defendant claims:

> [t]he Petitioners Sentence was enhanced for prior criminal conduct that has now been ruled as unconstitutional pursuant to Johnson v. United States and Welch v. United States. Therefore his sentence should be reduced.

Doc. No. 408 at 4 (citations omitted).

The Government responded to Defendant's § 2255 Motion on August 30, 2016, and argued that the claim should be dismissed. Upon review of the record and the law applicable (and inapplicable) to Defendant's claims, the Court concludes that Defendant's Motion must be dismissed.

**II.   DISCUSSION**

   **A. Standard of Review and Legal Framework**

Title 28, United States Code, § 2255 requires a prisoner to show that he has the right for sentence modification because:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

>in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.  A motion pursuant to § 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152 (1982).  Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### B. Defendant's Johnson Claim

Defendant's filing summarily claims that Johnson provides him relief.  In Johnson, the Supreme Court held that the definition of a prior "violent felony" in the residual clause of the Armed Career Criminal Act was unconstitutionally vague under due process principles.  Later, in Welch, the Supreme Court held that the Johnson decision announced a substantive rule that applied retroactively on collateral review.

On June 27, 2016, the United States Supreme Court granted certiorari in Beckles v. United States, No. 15-8544 (June 27, 2016) to decide, among other things, (1) whether Johnson applies to the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2); and (2) if so, whether Johnson's invalidation of the residual clause of the career offender guideline applies retroactively on collateral review.

But the Supreme Court's determinations in Johnson, Welch, and Beckles have (or will have) no impact on Defendant's sentence.  Defendant did not suffer a conviction for an ACCA conviction. Defendant's sentence was not increased in any manner based upon a guidelines enhancement impacted by the residual clause language at issue in Johnson.

Instead, as part of his guilty plea, Defendant admitted to being a part of a methamphetamine conspiracy, and that he was responsible for at least approximately 30 kilograms of methamphetamine. This resulted in an applicable base offense level of 36. PSR ¶ 63. Guidelines adjustments included a four-level upward enhancement for his leader-organizer status and a three-level reduction for his acceptance of responsibility. PSR ¶¶ 70, 74 and 75. A total offense level of 37 combined with his criminal history categorization of V resulted in a recommended advisory guidelines range of 324 to 405 months imprisonment. Id. Defendant was sentenced accordingly after the Court addressed departure motions.

In summary, and as argued by the Government, Defendant has no Johnson claim to make. As a matter of law, his sentence is not impacted by the residual clause decisions described above. Therefore, his claim lacks merit and must be denied.

**III.   NO HEARING IS NECESSARY**

"A defendant is entitled to a hearing on a § 2255 motion 'unless the motion, files, and record conclusively show' that the defendant is not entitled to relief." United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005) (quoting Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001)). Here, the record conclusively demonstrates that Defendant is not entitled to relief, and therefore a hearing on his § 2255 Motion will not occur.

## IV. <u>NO CERTIFICATE OF APPEALABILITY WILL BE GRANTED</u>

Although the Court does not anticipate that Defendant will seek Eighth Circuit review of this Order, this Court today makes clear that a federal prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 without first securing a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A district court cannot grant a certificate of appealability unless the prisoner "has made a *stubstantial showing* of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2) (emphasis added); <u>accord</u> <u>Williams v. United States</u>, 452 F.3d 1009, 1014 (8th Cir. 2006). Furthermore, a certificate of appealability will not be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. <u>See</u> <u>Kramer v. Kemna</u>, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Rather, a prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997); <u>accord</u> <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994). Petitioner has made no such showing here.

Therefore, the Court concludes that a certificate of appealability would not be appropriate. Defendant's claim has been fully addressed herein and it lacks merit. His claim is not "debatable among reasonable jurists." <u>Cox</u>, 133 F.3d at 568. Nor has he shown sufficient reason to believe that any other court – including the Eighth Circuit – would decide his claim any differently than decided here. He has not identified, and the

6

Court cannot independently discern, anything novel, noteworthy or worrisome about his case warranting appellate review.  Thus, the Court concludes that Defendant is not entitled to a certificate of appealability.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED:**

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 408) is **DENIED**; and

2. Defendant is not entitled to a certificate of appealability should he attempt to appeal this Order to the Eighth Circuit Court of Appeals.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 7, 2016

> s/Richard H. Kyle
> RICHARD H. KYLE
> United States District Judge